LITTON INDUSTRIAL PRODUCTS, INC. et al., Petitioners,

v.

Earnest GAMMAGE, Respondent.

No. C-2003.

Supreme Court of Texas.

Jan. 11, 1984.

Earnest Gammage, a diesel mechanic, asked his employer, Waukesha-Pearce Industries, Inc., to buy for him a ¾-inch ratchet adapter. As was the practice, Waukesha purchased the tool and charged it to Gammage. Gammage and the other employees furnished their own hand tools. That Litton manufactured the ratchet adapter is not disputed. Gammage was putting the tool under load by pulling it toward himself when it failed, causing him to fall backwards resulting in extensive personal injuries. The evidence was that the pawl, a component of the adapter, had a chipped tooth, which caused it to fail when Gammage put it under load.

The jury made the following findings: the tool was defectively manufactured which was a producing cause of the occurrence in question; the tool was unfit for ordinary purposes for which such tools are used; the unfitness was a producing cause of the occurrence; Litton failed to warn Gammage that the ratchet adapter would slip, which was negligence and a proximate cause; Gammage was not contributorily negligent; and the actual damages to Gammage were $705,852. Upon the basis of those findings, Litton moved that judgment for the amount of actual damages found by the jury be rendered against it. The trial court did not, however, grant that motion. It instead rendered judgment for three times that amount.

A.J. Watkins, Butler, Binion, Rice, Cook & Knapp, Eugene A. Cook and Louis H. Salinas, Jr., Fletcher Etheridge, Houston, for petitioners.

Young, Cook, Pfeifer and Hampton, Russell L. Cook, Jr., and Phillip A. Pfeifer, Houston, for respondent.

POPE, Chief Justice.

Earnest Gammage sued and obtained a judgment against Litton Industrial Products, Inc. (Litton) upon a jury verdict of defendant's strict liability, negligence, and breach of warranty. The judgment was for $705,852 actual damages which the trial court trebled, pursuant to the terms of the Deceptive Trade Practice Act as it was first enacted in 1973. The court of appeals affirmed the judgment of the trial court. 644 S.W.2d 170. We granted the application for writ of error to review the holding of the court of appeals that Litton Industries had waived its right to complain that there was no evidence and insufficient evidence that it did any act or practice that violated the Deceptive Trade Practice Act after its effective date. We reverse the judgment of the court of appeals in part and render judgment for actual damages only.

Litton urged on its appeal to the court of appeals that plaintiff Gammage could not recover treble damages for an occurrence that preceded the effective date of the Deceptive Trade Practices Act, May 21, 1973, and that there was no evidence and insufficient evidence that showed the date of the occurrence. The court of appeals ruled that Litton had waived its points by its own motion that the trial court render judgment for the actual damages and also by failing to file a motion for new trial. This court granted the application for writ of error to review the holding that Litton had waived its points, and we conclude that it did not.

By filing its motion that the trial court render judgment on the verdict for

the actual damages found by the jury, Litton could not, on appeal, take a position inconsistent with that part of the judgment. *Miner-Dederick Construction Corporation v. Mid-County Rental Service, Inc.,* 603 S.W.2d 193 (Tex.1980). Litton could not complain either that the findings in support of the actual damages had no support in the evidence or that the evidence was factually insufficient. Likewise, the jury findings concerning Litton's negligence and its manufacture of a defective product could not be attacked under our decision in *Miner-Dederick, supra.*

■ Litton has not attacked on appeal the judgment for actual damages. Litton's motion was not for a judgment grounded upon the Deceptive Trade Practices Act; it was, in fact, made to avoid the treble damages allowed by that law. Litton has at all times during trial and appeal taken the stance that this is not a suit for damages under the Deceptive Trade Practices Act. Its motion for judgment was consistent with, rather than inconsistent with that posture. Litton did not waive its right to complain about the trial court's trebling the damages.

■ We disapprove, however, Litton's argument that it reserved the right to complain about the judgment, because it accompanied its motion for judgment with a brief in which it took back what it urged in its motion. Litton's trial brief that accompanied its motion reserved the right to "challenge any adverse judgment based upon the verdict." We disapprove a practice by which a party, by motion, induces the trial court on the one hand to render a judgment, but reserves in a brief the right for the movant to attack the judgment if the court grants the motion. Litton could not have it both ways. The briefs that Litton filed in the trial court were brought forward in the transcript. This violates the provision of Rule 376–a(a), Tex.R.Civ.P., that says trial briefs and memoranda of authorities shall not be included in the transcript. We arrive at our decision in this case, however, that Litton did not waive its right to complain about the treble dam-

ages, because the motion itself excluded a judgment for treble damages.

The court of appeals also erred in its holding that Litton waived its points that there was no evidence or insufficient evidence that the act or practice occurred after May 21, 1973, the date the Deceptive Trade Practices Act became effective. That court held that Litton's failure to file a motion for new trial urging these points amounted to a waiver. This case was tried in March 1981, shortly after this court had promulgated a revised Rule 324, Tex.R. Civ.P., relating to motions for new trial.

Prior to January 1978, Rule 324 had an express provision that a motion for new trial was not required in a non-jury case or in a case where the appeal was based on some error of the trial court arising after its action on the motion for new trial. It was settled under that rule that, in a non-jury case, one could raise for the first time on appeal complaints that attacked factual sufficiency of the evidence to support the trial court's expressed or implied findings of fact. *Boswell v. Handley,* 397 S.W.2d 213 (Tex.1965). There was at that time an additional Rule 325 that required a motion for new trial to complain about motions for continuance, change of venue, or other preliminary motions.

Effective January 1, 1978, Rule 325 was repealed and Rule 324 was amended to provide:

A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case. A motion for new trial may be filed by any party, however, and the omission of a point in such motion shall not preclude the right to make the complaint on appeal. Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon. A complaint that one or more of a jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact may be presented for the first time on appeal.

Courts of appeals and the bar had trouble with the fourth sentence of Rule 324, quoted above. *Brock v. Brock*, 586 S.W.2d 927 (Tex.Civ.App.—El Paso 1979, no writ), construed the rule to excuse a motion for new trial urging no evidence or insufficient evidence in jury cases but not in non-jury cases. The third sentence of the above quoted rule, according to *Brock*, required a motion for new trial if the complaint had not otherwise been ruled upon. It held that "no evidence" points could be ruled upon in a trial court by an order on a motion for instructed verdict, an objection to the submission of a fact issue to the jury, a motion for judgment notwithstanding the verdict, or a motion to disregard the jury's answer. The court held that since none of those steps are available for a ruling in a non-jury case, a motion for new trial was required so the trial court would have the chance to rule. The court then held that the fourth sentence of Rule 324, *supra*, that excused a motion for new trial predicate, was expressly limited to jury cases. It concluded that in a non-jury case, the revised rule required a motion for new trial as a predicate for a complaint on appeal about no evidence, insufficient evidence, or that the finding was against the overwhelming weight of the evidence. The

holding was that a motion for new trial was required as a predicate for complaint about no evidence in a non-jury case even though none had been required before the rule was amended.

■ *Brown v. Brown*, 590 S.W.2d 808 (Tex.Civ.App.—Eastland 1979, no writ), recognized the logic of the court in *Brock*, but concluded that in a non-jury case, neither an attack upon the legal or factual sufficiency of the evidence required a motion for new trial as a predicate to an attack on appeal of the legal or factual sufficiency of the evidence. This court resolved this conflict by disapproving *Brock v. Brock*, *supra*, and holding that the intent of Rule 324 was to eliminate the requirement for motions for new trial in either a non-jury or a jury case. *Howell v. Coca-Cola Bottling Company of Lubbock, Inc.*, 599 S.W.2d 801 (Tex.1980). We hold, therefore, that at the time this case was tried, *Howell v. Coca-Cola*, had clearly held that a motion for new trial was not required for Litton to urge that there was no evidence that it had violated the Deceptive Trade Practices Act.

Rule 324 has again been amended, effective April 1, 1984.[1] The prior version of the rule created problems including the complaint that an appeal on points com-

---

1. Rule 324. Prerequisites of Appeal

(a) Motion for New Trial Not Required. A point in a motion for new trial is not a prerequisite to a complaint on appeal in either a jury or a nonjury case, except as provided in subdivision (b).

(b) Motion for New Trial Required. A point in a motion for new trial is a prerequisite to the following complaints on appeal:

(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

(4) A complaint of inadequacy or excessiveness of the damages found by the jury; or

(5) Incurable jury argument if not otherwise ruled on by the trial court.

(c) Judgment Notwithstanding Findings; Cross-Points.

When judgment is rendered non obstante veredicto or notwithstanding the findings of a jury

on one or more special issues, the appellee may bring forward by cross-point contained in his brief filed in the Court of Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict, including although not limited to the ground that one or more of the jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact, and the ground that the verdict and judgment based thereon should be set aside because of improper argument of counsel.

The failure to bring forward by cross-points such grounds as would vitiate the verdict shall be deemed a waiver thereof; provided, however, that if a cross-point is upon a ground which requires the taking of evidence in addition to that adduced upon the trial of the cause, it is not necessary that the evidentiary hearing be held until after the appellate court determines that the cause be remanded to consider such a cross-point.

plaining of errors that the trial court had not previously had an opportunity to rule upon was resurrecting the rejected fundamental error rule.

■ We also hold that there was no evidence that Litton did any act or practice after May 21, 1973, the effective date of the Act. Tex.Bus. & Comm.Code Ann. § 17.63 (Vernon Supp.1982–83). Plaintiff Gammage did not allege the date of or any particular act or practice that Litton did to violate the Act. He also failed to request an issue fixing the date of the claimed act or practice, so the trial court deemed a finding in support of its judgment for treble damages. *See* Rule 279, Tex.R.Civ.P. The date of sale of the tool is not determinative. *Stagner v. Friendswood Development Company, Inc.*, 620 S.W.2d 103 (Tex. 1981); *Woods v. Littleton*, 554 S.W.2d 662, 666 (Tex.1977). While circumstantial evidence may be considered, *Darryl v. Ford Motor Co.*, 440 S.W.2d 630 (Tex.1969), there must be more than a scintilla of evidence. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898).

Richard C. Langdon, Director of Quality Control for a Litton affiliate, testified by deposition under the adverse witness rule that he had been working for Litton and its affiliate for twenty-three years. He said that the company manufactured the ratchet adapter in batches of two to three hundred at a time and that during the period around 1973, there were about 1,150 sales a year. He answered in the negative whether he could tell from an examination of the tool when it was manufactured and said that it was "possible that it could have been manufactured at any time before June 12, 1974, back to the time they were originally put into production." The tool had been produced since 1970.

There was some proof that Gammage's employer billed Gammage for $20.14 for the new tool after it received the shipment on November 8, 1973. Plaintiff Gammage was uncertain about dates. He said he thought he ordered the ratchet at the end of 1973 but did not actually pick it up until sometime in 1974. There was no proof of the source from which his employer acquired the tool. The witness Langdon explained that Litton would sell the tools to a warehouse distributor who in turn would sell to a jobber who would sell to the mechanic.

■ We have in this case meager circumstantial evidence giving rise to inferences which are equally consistent with the proposition that Litton's act or conduct occurred before May 21, 1973, or after that date. When circumstances are consistent with either of the two facts and nothing shows that one is more probable than the other, neither fact can be inferred. *Texas Sling Co. v. Emanuel*, 431 S.W.2d 538 (Tex.1968); *Continental Cas. Co. v. Fountain*, 257 S.W.2d 338 (Tex.Civ.App.—Dallas 1953, writ ref'd). We conclude that there was no more than a scintilla of evidence supporting the deemed finding that Litton did an act or practice after rather than before May 21, 1973. *Warren Petroleum Corp. v. Martin*, 153 Tex. 465, 271 S.W.2d 410 (Tex.1954).

We affirm those parts of the judgments below that rendered judgment for Gammage in the sum of $705,852. We reverse those parts of the judgments that trebled the damages, and we render judgment that plaintiff take nothing by way of treble damages.