Affirmed and Memorandum Opinion filed July 29, 2004









Affirmed and Memorandum Opinion
filed July 29, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01289-CV

_______________

 

JOHNNY JONES, Appellant

 

V.

 

UNION PACIFIC RAILROAD COMPANY,
Appellee

_________________________________________________

 

On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 98‑58160

_________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Johnny Jones, appeals a judgment in which he was
awarded damages under the Federal Employer=s Liability Act (AFELA@). 
In four issues, he contends the jury findings on damages are not
supported by the evidence, and the trial court erred by admitting the testimony
of a vocational rehabilitation consultant, and reducing the damages based on
his contributory negligence.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.








Background

Appellant was employed by appellee, Union Pacific Railroad
Company (AUnion Pacific@), installing railroad
crossings.  On July 7, 1998, appellant
was using a five foot metal bar to hold a strip of rubber along the inner side
of a railroad track.  One of his
co-workers was using a backhoe to lower a concrete slab next to the
rubber.  The concrete slab struck
appellant=s metal bar, which then struck
appellant in the head, shoulder, and chest. 
Appellant sued Union Pacific under the FELA to recover damages for his
injuries.  A jury awarded damages of $405,000,
but apportioned 53% of the fault to Union Pacific and 47% to appellant.  The trial court entered judgment for the
amount of $214,650 based on the jury verdict.

Damages

            In his first and fourth
issues, appellant challenges the damages awarded by the jury.  The jury awarded damages as follows:

Medical Care, past and future:                                             $220,000

Loss of earning capacity, past
and future:                           $150,000

Physical pain and mental
anguish, past and future:             $ 
35,000

Physical impairment, past and
future:                                                0

Disfigurement, past and
future:                                                         
0

Loss of household services, past and future:                                     0

First, appellant contends the jury=s finding of no damages for physical
impairment, disfigurement, and loss of household services is against the great
weight and preponderance of the evidence. 
He also claims the damages the jury did award were manifestly too small
and unjust.  








Union Pacific claims appellant waived these issues because he
moved for judgment based on the jury findings. 
A party who moves for judgment on the verdict and does not reserve the
right to complain may not take a position on appeal inconsistent with that part
of the judgment.  Litton Indus.
Prods., Inc. v. Gammage, 668 S.W.2d 319, 321B22 (Tex. 1984); see First Nat=l Bank of Beeville v. Fojtik, 775 S.W.2d 632, 633 (Tex.
1989).  Appellant moved for judgment on
the verdict without challenging the jury findings on damages.  Therefore, he may not complain on appeal that
the findings are not supported by evidence. 
See Litton Indus. Prods., Inc., 668 S.W.2d at 321B22 (noting appellant who moved
for judgment could not complain the findings of damages had no support in the
evidence); Teletron Energy Mgmt., Inc. v. Texas Instruments, Inc., 838
S.W.2d 305, 308 (Tex. App.CHouston [14th Dist.] 1992), rev=d on other grounds, 877 S.W.2d 276 (Tex. 1994)
(holding appellant who moved for judgment could not challenge the jury=s failure to award damages for future
lost profits).  We overrule appellant=s first and fourth issues.

Admission of Evidence 


In his second issue, appellant claims the trial court
improperly admitted the testimony of a Union Pacific vocational rehabilitation
consultant which misled the jury concerning his loss of earning capacity.  In order for an evidentiary ruling to
constitute reversible error, we must find the error probably resulted in an
improper judgment.  See Tex. R. App. P. 44.1; City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995).  Because appellant moved for judgment based on
the jury=s finding of his loss of earning
capacity, he cannot now take the inconsistent position that erroneously
admitted evidence resulted in an improper judgment.  See Litton Indus. Prods., Inc.,
668 S.W.2d at 321B22; see also Menchaca v. Bishop, No. 14-94-00480-CV,
1996 WL 170272, at *2 (Tex. App.CHouston [14th Dist.] April 11, 1996,
no writ) (not designated for publication) (holding an evidentiary complaint was
waived when appellant moved for the trial court to enter judgment).  Accordingly, appellant waived this issue when
he moved for judgment on the jury verdict. 
We overrule appellant=s second issue.

Violation of a Federal Regulation 









In his third issue, appellant claims the trial court
impermissibly reduced the damages awarded based on the jury finding that
appellant was 47% responsible for his injuries.[1]  Under the FELA, a railroad employee=s recovery of damages will be reduced
in proportion to the amount of negligence attributable to the employee.  45 U.S.C. ' 53 (1986).  However, an employee=s award will not be reduced in Aany case where the violation by [a]
common carrier of any statute enacted for the safety of employees contributed
to the injury.@ 
Id.  Appellant claims Union
Pacific was precluded from asserting his contributory negligence because it
violated various safety regulations.

Union Pacific contends appellant waived this claim because he
failed to obtain a jury finding on whether Union Pacific violated any
statutes.  See Sweet v. Port
Terminal  R.R. Ass=n, 653 S.W.2d 291, 293B94 (Tex. 1983) (recognizing that a
claimant under the FELA has the burden to prove a statutory violation, and
secure a finding to that effect). 
However, if a matter is conclusively proven, it is not necessary to
submit it to the jury.  Tex. R. Civ. P. 279; Washington v.
Reliable Life Ins., Co., 581 S.W.2d 153, 157 (Tex. 1979).   Appellant claims the evidence establishing
Union Pacific violated safety regulations was uncontroverted.  Therefore, we will consider whether appellant
conclusively proved Union Pacific violated a safety regulation.  

First, appellant claims Union Pacific violated a safety regulation
by failing to designate a person to provide on-track safety for his work crew
on the day of his injury.  See 49
C.F.R. ' 214.315 (2003).  However, Union Pacific presented evidence
that the foreman on appellant=s job had the obligation to look out for the safety of the
group.  The foreman conducted a job
briefing before the workday began at which he read the safety rules, and
discussed how to do the job and what tools to use.  Based on this evidence, appellant did not
conclusively prove Union Pacific failed to designate an on-track safety
person.  








Next, appellant claims Union Pacific failed to comply with
regulations governing roadway maintenance machines.  Specifically, he claims Union Pacific failed
to include safety procedures and set forth the required distance between
machines and workers in its safety program regarding roadway maintenance
machines.  See 49 C.F.R. ' 214.341(a)(2), (5) (2003).  However, this information was included in the
Union Pacific=s rule book for employees and
appellant=s Union Pacific training history,
both admitted as evidence at trial. 
Appellant also claims Union Pacific did not inform him of the safety
procedures applicable to persons working near roadway machines, and he did not
acknowledge full understanding of the procedures.  See id. ' 214.341(b)(3).  However, appellant was provided written
safety guidelines concerning roadway machines in general.  He also attended a job briefing on the day he
was injured where he was informed about the specific procedures and safety precautions
for that particular job.  Appellant
testified that the briefing covered information Awhich we already knew.@ 
Further, appellant claims Union Pacific failed to keep instructions for
the safe operation of the backhoe on the machine that was being used at the job
site where appellant was injured.  See
id. ' 214.341(b).  However, there was no evidence to that
effect.  Therefore, appellant did not
conclusively prove Union Pacific failed to comply with regulations governing
roadway maintenance machines.   

Finally, appellant claims Union Pacific violated federal
regulations by needlessly Afouling@ the railroad track. 
Fouling a track means placing an individual or equipment in such
proximity to a track that they could be struck by a moving train or on-track
equipment.  49 C.F.R. ' 214.7 (2003).  Federal regulations provide that A[a] roadway worker shall not foul a
track except when necessary for the performance of duty.@ 
49 C.F.R. ' 214.313(b) (2003). 
Appellant claims Union Pacific violated this regulation because
alternative methods for holding the rubber strip next to the railroad track
existed that would not have required him to stand on the track, so his fouling
of the track was not necessary.  








However, section 214.313 appears to apply to individual
railroad workers, not railroads.  The
section is entitled AResponsibility of individual roadway workers,@ and contains directives specifically
for railroad employees. Id. 
Nonetheless, even assuming section 214.313 does apply to Union Pacific,
appellant did not prove it was violated. 
Appellant claims Union Pacific could have held the rubber in place with
tape or welding rods, or it could have used a concrete slab with a rubber strip
already attached, neither of which would have required him to stand on the
track to hold the rubber strip in place. 
Although alternative methods for keeping the rubber in place may have
existed, nothing in section 214.313 requires a railroad to utilize only
procedures that do not require an employee to foul a track if they are
available.  Section 214.313(b) prohibits
a worker from fouling a track except when necessary Afor the performance of duty.@ 
Id. (emphasis added). 
Appellant=s duty was to hold the rubber strip in place next to the
track.  Fouling the track was necessary
for him to perform this duty. 
Accordingly, appellant failed to conclusively prove Union Pacific
violated section 214.313.

Because appellant failed to conclusively prove Union Pacific
violated any federal regulations, the trial court properly reduced his recovery
by his percentage of responsibility. Accordingly, appellant=s third issue is overruled.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed July 29, 2004.

Panel consists of Justices
Edelman, Seymore, and Ray.[2]

 

 











[1]  Appellant
preserved error on this issue because he made this complaint in his Motion to
Enter Judgment.  See Fojtik, 775
S.W.2d at 633.





[2]  The Honorable
Elizabeth Ray, Judge of the 165th District Court of Harris County, sitting by
assignment pursuant to Tex. Gov=t Code Ann. ' 74.003(h) (Vernon Supp. 2004).