

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00003-CR

JACK ALONSO ROCK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 64,451-B, Honorable John B. Board, Presiding

April 21, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Jack Alonso Rock entered an open plea of guilty to possession of one gram or more but less than four grams of methamphetamine, a third degree felony.[1] Punishment was tried to the court which sentenced appellant to ten years' confinement in prison, suspended and probated to five years' community supervision. Through two issues, appellant challenges the trial court's denial of his pre-trial motion to suppress. We will affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

## Background

The State assumed the burden at the suppression hearing, stipulating a warrant was not involved. The only State's witness was the arresting police officer.

While on night-time patrol during November 2011, the officer observed the passenger-side stop lamp of a 2004 BMW automobile was not functioning. After the traffic stop, the officer made contact with appellant, who was the driver and sole occupant. Appellant produced his driver's license but did not have proof of insurance. The officer suspected intoxication.

An audio/video recording of the stop was in evidence at the suppression hearing. The recording depicts appellant stepped out of his vehicle at the officer's direction and stood beside the closed driver's side door. On the officer's inquiry, appellant denied drinking, explaining he was "just tired."

The recording also shows the officer directed appellant to step back toward the police vehicle, a distance appearing little more than a car length. As they walked, the officer asked appellant if he had any "weapons or anything like that on [him]." Appellant responded negatively and lifted his outstretched hands in apparent denial. As they approached the front of the police vehicle the officer told appellant to "step up to the front of the car." He added, "I'm gonna check your pockets. Is that okay? Make sure you don't have no weapons. Just put your hands on that bar there for me." Appellant's verbal response is inaudible, but he lifted his hands and turned his head in what we would describe as a shrugging motion. Without hesitation appellant leaned forward and placed his hands on the top of the police vehicle's push bumper. The officer searched

2

appellant's pockets. When suspected contraband was located, the officer placed appellant in handcuffs.

The officer also testified to the events surrounding the stop at the suppression hearing. According to the officer's testimony, when he initially contacted appellant at the BMW he saw containers of beer on the driver's side rear floorboard. He asked appellant to step from the vehicle to determine his sobriety after he noticed appellant's eyes were bloodshot and his upper eyelids "droopy."

The officer testified he "asked [appellant] for consent to search his pockets, which he granted." According to the officer, appellant responded "both verbally and physically with body language." He elaborated, "[a]s [appellant] gave an affirmative verbal response he raised his hands away from his pockets granting me access to his pockets." The officer testified he could not remember appellant's exact words but said he did recall it was an affirmative response. During the search of appellant's pockets, the officer located the contraband in issue in the right coin pocket.

Appellant testified at the suppression hearing. On direct examination, he explained he had no time to respond when the officer asked if it was "okay" to search his pockets. He added, lifting his hands "was not a consent." And, he said, he did not agree to the search.

The court took appellant's motion to suppress under advisement. In stating this intention the judge commented, "I would like to look at that video and just review it. Because, quite honestly, in 12 years, that's the quickest search I've ever seen in my judicial career."

3

The court overruled appellant's motion to suppress by written order. On appellant's request, findings of fact and conclusions of law were filed. Among the findings of fact were the following:

> Upon reaching the front of the patrol car [the officer] requested consent to search the defendant, which the defendant consented to. The Court notes that while the defendant's actual verbal response to [the officer's] request cannot be ascertained from the video, the officer's testimony combined with the defendant's physical behavior observed on the video recording leads this Court to believe and find that the defendant did consent to the search of his person.
>
> * * *
>
> The Court finds that [the officer] was a reliable and credible witness.

The court stated in a conclusion of law:

> The (sic) given the totality of the facts presented the State has established, by clear and convincing evidence, that the defendant did voluntary (sic) consent to a search of his person.

On the day of trial, appellant entered an open plea of guilty and submitted the punishment determination to the court. After receiving the evidence, the court imposed the noted sentence. Appellant reserved the right of appeal.

Analysis

By his first issue, appellant contends the traffic stop was not justified because the State failed to produce sufficient evidence of a traffic violation authorizing a stop and detention. The State contends appellant's first issue is not preserved for our review, and we agree.

At the inception of the suppression hearing, the following exchange took place between appellant's trial counsel and the court.

4

| [Counsel for Appellant]: | Your Honor, for purposes of the record we do agree the right taillight was out on the vehicle and gave the probable cause to stop, but does not give probable cause to the search is the issue in this case. |
|---|---|
| [The Court]: | Okay. Very good. I appreciate that. That will narrow the issues. |

By counsel's statement, appellant withdrew any complaint that the officer lacked reasonable suspicion or probable cause to conduct a traffic stop. The matter was not adjudicated and is not preserved for appellate review. TEX. R. APP. P. 33.1(a). Moreover, appellant may not now argue an inconsistent position. *Bulington v. State,* 179 S.W.3d 223, 231-232 (Tex. App.—Texarkana 2005, no pet.) (citing *Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319, 321-22 (Tex. 1984)) (finding the defendant "cannot complain on appeal of denial of a defensive theory that he eschewed at trial"); *cf. Davidson v. State,* 737 S.W.2d 942, 948 (Tex. App.—Amarillo 1987, pet. refused) (explaining that judicial estoppel "effectively estops a party who has taken a position in an earlier proceeding from taking a contrary position at a later time," and finding the defendant was prohibited on appeal from contending the State failed to sufficiently prove the cause of the victim's death when her counsel conceded at trial that death was caused by gunshot wounds). Appellant's first issue is overruled.

We turn to appellant's second issue which is the gist of his complaint: Whether the trial court abused its discretion in finding appellant consented to the search of his person.

An appellate court reviewing a trial court's ruling on a motion to suppress applies a bifurcated standard of review. *Abney v. State,* 394 S.W.3d 542, 547 (Tex. Crim. App.

2013).  We give "almost total deference" to the trial court's findings of historical facts that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor.  *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  "A question 'turns' on an evaluation of credibility and demeanor 'when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue.'"  *Abney,* 394 S.W.3d at 547 (quoting *Loserth v. State,* 963 S.W.2d 770, 773 (Tex. Crim. App. 1998)).  At a suppression hearing, the trial court is the exclusive trier of fact.  *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).  In assessing the credibility of the witnesses and assigning weight to their testimony, the court is entitled to believe or disbelieve any or all of a witness's testimony, even if uncontroverted, because the judge has the opportunity to observe the witness's demeanor and appearance.  *Id.; Johnson v. State,* 871 S.W.2d 744, 748 (Tex. Crim. App. 1994).  When, as here, the trial court makes findings of fact, an appellate court determines whether the evidence, viewed in the light most favorable to the court's ruling, supports those findings.  *Abney,* 394 S.W.3d at 548.  The court's legal rulings are reviewed *de novo* unless its explicit fact findings that are supported by the record are dispositive of the legal ruling.  *Id.*  An appellate court may, however, review *de novo* indisputable visual evidence contained in a video recording.  *Duran v. State,* 396 S.W.3d 563, 570-71 (Tex. Crim. App. 2013); *see Carmouche v. State,* 10 S.W.3d 323, 332 (Tex. Crim. App. 2000).

Voluntary consent to search is a well-established exception to the Fourth Amendment's warrant and probable cause requirements.  *Montanez v. State,* 195 S.W.3d 101, 105 (Tex. Crim. App. 2006).  Under the Fourth Amendment, voluntariness

6

of consent presents a question of fact to be given deference. *See Hubert v. State,* 312 S.W.3d 554, 559 (Tex. Crim. App. 2010) (citing *Ohio v. Robinette,* 519 U.S. 33, 40, 117 S. Ct. 417, 136 L. Ed. 2d 347 (1996)). While consent must be positive, it may be given verbally or by action, or proved by circumstantial evidence. *Valtierra v. State,* 310 S.W.3d 442, 448 (Tex. Crim. App. 2010). The validity of an alleged consent is a question of fact determined from the totality of circumstances. *Id.* [2]

Appellant is a college graduate. Throughout the events leading to the discovery of the contraband he and the officer spoke in polite, civil tones. Appellant was not disrespectful, questioning, or resistant. The officer made no show of force nor did he threaten appellant. When asked if it was "okay" to search his person for weapons, after lifting his arms, appellant smoothly progressed into a posture leaning forward and holding the patrol vehicle push bar. In addition to appellant's non-verbal response, the trial court considered the officer's testimony which included the recollection that appellant verbally consented to the search. The trial court expressly found the officer "a reliable and credible witness." It was entitled to accept the officer's testimony describing the events over appellant's. *See Gonzalez v. State,* No. 05-09-00777-CR, 2010 Tex. App. LEXIS 9565, at *9-12 (Tex. App.—Dallas Dec. 3. 2010, no pet.) (not designated for publication) (finding as sole judge of weight and credibility trial court was entitled to believe officers' testimony that defendant consented to search and disbelieve appellant's testimony that he did not voluntarily consent to search). Appellant's second issue is overruled.

---

[2] "[A] person can render a search legal by behaving in a way that would cause a reasonable person to believe that he or she has knowingly and voluntarily consented, whether or not the person actually intends to consent." *United States v. Cedano-Medina,* 366 F.3d 682, 684-85 (8th Cir. 2004).

Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.