

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00202-CV

ROCKY BENTON KIMBELL                                    APPELLANT

V.

APRIL KATHLEEN KIMBELL                                    APPELLEE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2012-10583-16

----------

## MEMORANDUM OPINION[1]

----------

This appeal stems from the trial court's divorce decree and order in suit affecting the parent-child relationship (SAPCR). In the final decree, the trial court appointed the parents joint managing conservators (JMCs) of the children and designated Appellee April Kathleen Kimbell (Mother) as the JMC with the

---

[1]See Tex. R. App. P. 47.4.

exclusive right to determine the primary residence of the former couple's two minor children. Appellant Rocky Benton Kimbell (Father) timely appealed, challenging Mother's designation as JMC. Because we hold that Father invited the alleged error he complains of, we affirm.

Mother and Father began dating and living together in 2002. In 2004, Mother was accepted into nursing school and ended the relationship. She then began dating another man (Husband One) and subsequently married him. The marriage lasted two weeks. Shortly after Mother learned that Husband One already had another wife and child in Mexico, she threw a plastic coat hanger at him. Mother was arrested and charged, but she testified that the charge was later dismissed due to lack of evidence.

Mother and Father began dating again in the summer of 2006, and they married in August 2007. Their two children were born in 2008 and 2011, respectively. Father testified that in June 2012, Mother bloodied his lip and left scratches on his neck, but he did not seek medical attention. He did file a police report with the Carrollton Police Department. Mother testified that she was not arrested for that incident but was convicted of Class C Assault.[2] She also testified that the conviction was being appealed at the time of the divorce and SAPCR trial. In addition to naming her JMC with the exclusive right to determine the primary residence of the children, the trial court also ordered Mother to attend

---

[2]*See* Tex. Penal Code Ann. §22.01(a)(2)–(3), (c) (West Supp. 2014).

anger management class and to submit proof thereof to the court. The trial court ordered Father to childproof the home of his grandparents, where he would stay during his periods of possession of the children, and to submit proof thereof. The trial court ordered both parents to abstain from drinking during their respective periods of possession of the children.

In his sole issue, Father contends that the trial court abused its discretion by appointing Mother JMC because credible evidence was presented of a history or pattern of past or present physical abuse by Mother against Father as well as against Husband One.[3] But Father's live petition provides, "Petitioner and Respondent, on final hearing, should be appointed joint managing conservators, with all the rights and duties of a parent conservator." The invited error doctrine prevents a party from asking for relief from the trial court and later complaining on appeal that the trial court gave it.[4] We therefore overrule Father's sole issue.

Having overruled Father's sole issue, we affirm the trial court's judgment.

---

[3]*See* Tex. Fam. Code Ann. § 153.004(b) (West 2014).

[4]*Swain v. Hutson*, No. 02-09-00038-CV, 2009 WL 3246750, at *6 (Tex. App.—Fort Worth Oct. 8, 2009, pet. denied) (mem. op.); *McKee v. McKee*, No. 02-06-00436-CV, 2008 WL 110112, at *4 (Tex. App.—Fort Worth Jan. 10, 2008, no pet.) (mem. op.); *Clopton v. Airport Marina Hotel, Inc.*, No. 02-05-00055-CV, 2006 WL 2309638, at *3–4 (Tex. App.—Fort Worth Aug. 10, 2006, pet. denied) (mem. op.), *cert. denied*, 552 U.S. 893 (2007); *see also Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984) ("By filing its motion that the trial court render judgment on the verdict for the actual damages found by the jury, Litton could not, on appeal, take a position inconsistent with that part of the judgment.").

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  August 6, 2015