CONCURRING OPINION ON DENIAL OF REHEARING EN BANC
SUE WALKER, Justice,
concurring.
I respectfully concur with the denial of rehearing en banc.[1] I write separately *499 because the Majority Opinion unnecessarily addresses the invited error doctrine. The first sentence of the Majority’s Opinion states that “[i]n a single issue, Appellant Father appeals the trial court’s determination that the Department of Family and Protective Services (DFPS) should remain his child S.T.’s managing conservator.” But Father’s single issue in his brief is as follows:
The evidence is legally and factually insufficient to establish, and the trial court abused its discretion by finding, that the appointment of Respondent Father, W.H., as the sole managing conservator of the child, S.T., or as a joint managing conservator of the child, S.T., with the right to designate the primary residence of the child, would not be in the child’s best interest because it would significantly impair the child’s physical health or emotional development.
In keeping with this issue, Father’s brief complains of the trial court’s alleged abuse of discretion in disregarding the parental presumption by not appointing Father as the sole managing conservator or as joint managing conservator with the right to designate the child’s primary residence. See Tex. Fam.Code Ann. § 153.131(a) (West 2014).
The invited error doctrine applies only when a party asks a trial court to make a specific ruling and then complains about that same ruling on appeal. In re Dep’t of Family & Protective Servs., 273 S.W.3d 637, 646 (Tex. 2009) (orig.proceeding). The complaint Father is making on appeal is that the trial court did not find that the parental presumption was rebutted as required to support not appointing Father sole managing conservator or as joint managing conservator of S.T. Father never asked the trial court to rule contrary to the issue that he raises on appeal—that the parental presumption was not rebutted and that he should be appointed sole managing conservator or joint managing conservator of S.T.[2] Consequently, the invited error doctrine does not apply here.[3] I therefore view the Majority Opinion’s analysis of the invited error doctrine as applied to alternative requests for relief as obiter dictum. See, e.g., Lund v. Giauque, 416 S.W.3d 122, 129 (Tex.App.-Fort Worth 2013, no pet.) (defining obiter dictum as “a statement not necessary to the determination of the case and that is neither binding nor precedential”); Black’s Law Dictionary 1177 (10th ed.2014) (defining obiter dictum as “[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential”). For this reason and because the State does not raise a challenge on rehearing to the Majority Opinion’s sufficiency holding, I re *500 spectfully concur with the denial of the State’s motion for rehearing en banc.
GABRIEL, J., joins.

. The concurring justices were not assigned to the panel that decided the Majority Opinion. See In re S.T., 508 S.W.3d 482, No. 02-15-00203-CV, 2015 WL 9244913 (Tex.App.Fort Worth Dec. 17, 2015, no pet. h.) (Sudderth, *499 J., joined by Gardner J.; Dauphinot, J., dissented with opinion).

. In Department of Family & Protective Services, the Texas Supreme Court explained that the invited error doctrine did not apply because K.W. "does not assert error in regard to what she asked the trial court to do and it did do.... She asserts error in regard to what she asked the trial court to do and it did not do[,]” 273 S.W.3d at 646. Likewise, here, Father asserts error on appeal not in regard to what Father asked the trial court to do and it did do, but in regard to what Father asked the trial court to do and it did not do— appoint him as managing conservator or as joint managing conservator of S.T.

. See Dep’t of Family & Protective Servs., 273 S.W.3d at 646 (citing Tittizer v. Union Gas Corp., 171 S.W.3d 857, 862 (Tex.2005) ("[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as ‘the invited error’ doctrine.”); Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94-95 (Tex.1999); Litton Indus. Prods., Inc. v. Gammage, 668 S.W.2d 319, 321-22 (Tex.1984); Patton v. Dallas Gas Co., 108 Tex. 321, 327-28, 192 S.W. 1060, 1062-63 (1917)).