# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00736-CV

---

**Sarah Cook, Appellant**

**v.**

**Texas Highway Walls, LLC, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-006133, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

---

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

Because I conclude that Sarah Cook failed to raise a fact issue that Texas Highway Walls (THW) is vicariously liable for the alleged negligence of Blake Cervenka, I respectfully dissent from the majority's disposition of that claim.[1]

"As a general rule, one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control." *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 504 n.17 (Tex. 2017) (citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)). The common-law doctrine of vicarious liability, however, makes "a principal liable for the conduct of his employee or agent." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007). This liability is based on "the principal's control or right to control the agent's actions undertaken to further the principal's objectives." *Id.* Vicarious

---

[1] I agree with the majority that Cook failed to raise a fact issue on her claims against THW for negligence and gross negligence.

liability requires the plaintiff to prove that, at the time of the negligent conduct, the worker was (1) an employee or agent of the defendant, and (2) the worker was acting in the course and scope of his employment. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Duenez*, 237 S.W.3d at 686.

I agree with the majority that Cook raised a fact issue on the first element. However, I cannot agree with the majority's analysis or conclusion as to the second issue. This element hinges on an "objective analysis" of "whether the employee was performing the tasks generally assigned to him in furtherance of the employer's business. That is, the employee must be acting with the employer's authority and for the employer's benefit." *Painter*, 561 S.W.3d at 138–39.[2]

The majority concludes that the facts, viewed in the light most favorable to Cook, "create a lattice of circumstances that would enable reasonable and fair-minded people to develop more than a mere suspicion or surmise that Cervenka was acting within his role as an agent of THW at the time of the accident." *Ante* at 7. I respectfully disagree because there is no evidence that would permit a reasonable person to infer that he was acting in that role at the time of the collision. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) ("The evidence does not create an issue of material fact if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014))). Although circumstantial evidence may be relied upon to establish a material fact, under the equal-inference rule, when "circumstances are consistent with either of the two facts and nothing shows that one is more probable than the other, neither

---

[2] Put differently, the employee's negligent conduct "must be of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).

fact can be inferred." *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001) (Phillips, C.J., concurring and dissenting, joined by Enoch, Baker, Abbott, and Hankinson, JJ.) (quoting *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984)). "Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (citing *Lozano*, 52 S.W.3d at 148; *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993)). Such is the evidence in this case, which reviewed in the light most favorable to Cook, is equally consistent with Cervenka traveling on a work task or completing a personal errand.

According to Cervenka's undisputed testimony, his afternoons were a mix of personal errands and professional tasks, including occasional travel "to a job site or a meeting." Cervenka evidently enjoyed the discretion to work when and where he chose. Even if he had a job meeting or trip to a work site scheduled later that day, the evidence that he received a work-related phone call before the accident, made work-related phone calls afterwards, and returned to the office later that day does not permit a reasonable person to infer that he was on THW's business at the time of the accident. *See, e.g.*, *Mejia-Rosa v. John Moore Servs., Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *7–9 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.) (holding that record of calls placed and received on company cell phone, one ending a half-hour before driving accident and two brief calls beginning about a half-hour after the accident, did not establish fact issue regarding course and scope of employment at time accident occurred).

Without—at minimum—some fact that would permit a reasonable person to infer Cervenka's destination, the record does no more than raise a surmise or suspicion that Cervenka was acting in the course and scope of his employment. *See Painter*, 561 S.W.3d at 137

3

(explaining that "employee was not within the scope of employment while using his employer's vehicle to run a personal errand, even though he was not restricted from using the truck for personal business" (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757–58 (Tex. 2007))); *Breedlove v. Moffitt*, No. 12-21-00037-CV, 2022 WL 1286564, at *3 (Tex. App.—Tyler Apr. 29, 2022, pet. denied) (mem. op.) (concluding that while "there is no doubt that [the employee] was working on the day in question," the "evidence does not permit a factfinder reasonably to determine the location of [the employee's] primary destination at the time of the accident so as to support a finding that he was within the course and scope of his employment at that time").

Because Cook failed to raise a fact issue on whether Cervenka was acting in the course and scope of his employment/agency at the time of the accident, I would affirm the district court's grant of no-evidence summary judgment on that claim.

For these reasons, I concur in part and respectfully dissent in part.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Filed:   February 16, 2024

4