COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




UNIVERSITY OF TEXAS AT EL PASO,


 Appellant,


v.



AMALIA E. MURO,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00155-CV



Appeal from the


County Court at Law No. 5


of El Paso County, Texas 


(TC# 2005-6279) 



O P I N I O N


 This is an interlocutory appeal of a denial of The University of Texas at El Paso's
("UTEP") plea to the jurisdiction. In Issue One, UTEP contends Appellee, Amalia Muro's
premises liability claim does not come within the Texas Tort Claims Act's waiver of sovereign
immunity because: (1) Ms. Muro failed to show the university's actual knowledge of the
condition which allegedly caused her injury; (2) the condition did not pose an unreasonable risk
of harm; and (3) the condition was easily perceptible, and therefore, cannot be the basis of a duty. 
In Issue Two, UTEP asserts that even if Ms. Muro's claim does meet the requirements of the Tort
Claims Act, the claim is barred under the Texas Recreational Use Statute because Ms. Muro
failed to offer any evidence that UTEP was grossly negligent. We reverse and render.

 Amalia Muro filed this premises liability suit on September 7, 2005, alleging that she was
injured on UTEP's campus. Ms. Muro was on the campus September 27, 2003, to attend a
UTEP Miners football game. In the late afternoon, she was walking across a parking lot on her
way to the stadium, when she tripped over the remnants of a metal sign post which was
protruding from the paved surface. (1) She injured her right knee, right elbow, and ribs on her right
side.

 Ms. Muro alleged UTEP was negligent by failing to completely remove the metal post so
that the asphalt surface was smooth, by failing to warn entrants into the lot about the unsafe
condition, and by failing to institute policies and procedures to inspect the grounds and remove
dangerous conditions from the streets and roads on campus. Ms. Muro also plead that UTEP's
sovereign immunity was waived in this case under Section 101.021(2) of the Texas Civil Practice
and Remedies Code, which provides, in part, that sovereign immunity is waived for personal
injuries cased by conditions on real property if a private person would be liable to the claimant
under Texas law. See Tex.Civ.Prac.&Rem.Code Ann. § 101.021(2)(Vernon 2005).

 UTEP filed its plea to the jurisdiction on May 14, 2007. UTEP presented two grounds for
dismissal: (1) Ms. Muro failed to plead adequate facts, and offer evidence of UTEP's gross
negligence as required under the Texas Recreational Use Statute; or (2) Ms. Muro was unable to
demonstrate a waiver of the university's sovereign immunity. The trial court denied UTEP's
plea on June 1, 2007. In its order the court held: (1) the Texas Recreational Use Statute did not
apply; (2) Ms. Muro did plead adequate facts to demonstrate UTEP's gross negligence; and (3)
Ms. Muro did plead sufficient facts to demonstrate UTEP's actual knowledge of the defect at
issue. UTEP filed this interlocutory appeal pursuant to Texas Civil Practice and Remedy Code
section 51.014(a)(8), on June 20, 2007. See Tex.Civ.Prac.&Rem.Code Ann. § 51.014(a)(8)
(Vernon 2008).

 UTEP presents two issues for our review. In Issue One, UTEP contends Ms. Muro failed
to state a claim within the Texas Tort Claims Act's waiver of sovereign immunity for a premises
defect. Specifically, UTEP argues Ms. Muro's pleadings and evidence failed to raise a fact issue
regarding UTEP's knowledge of the remnant. (2) In Issue Two, UTEP contends Ms. Muro's suit
must be dismissed because she has failed to raise a fact issue regarding UTEP's gross negligence
as required under the Texas Recreational Use Statute. See Tex.Civ.Prac.& Rem.Code Ann. §§
75.002(c)(2)(Vernon 2008), 75.003(g)(Vernon 2005).

 A plea to the jurisdiction is a challenge to the trial court's jurisdiction over the subject
matter of the suit. See University of Texas at El Paso v. Moreno, 172 S.W.3d 281, 284
(Tex.App.--El Paso 2005, no pet.), citing Texas Dept. of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). In the absence of a valid waiver of sovereign immunity, a trial court lacks subject-matter jurisdiction and the suit must be dismissed. Id. Because subject-matter jurisdiction is a
question of law, a trial court's ruling on a plea to the jurisdiction is reviewed de novo. See Texas
Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); City of Midland v.
Sullivan, 33 S.W.3d 1, 6 (Tex.App.--El Paso 2000, pet. dism'd w.o.j.).

 When a plea to the jurisdiction challenges the existence of jurisdictional facts, the
reviewing court considers the relevant evidence submitted by the parties to resolve the
jurisdictional issues raised. Miranda, 133 S.W.3d at 226. When the challenged jurisdictional
facts also implicate the merits of the plaintiff's cause of action, the trial court reviews the
evidence to determine if a fact issue exists. Id. at 227. In such a situation, the trial court must
make a determination which "mirrors" a summary judgment under Texas Rule of Civil Procedure
166a(c). Id. at 228. If the evidence raises a fact question regarding the jurisdictional issue, the
trial court must deny the plea and allow the issue to be resolved by the fact finder. Id. at 227-28. 
If the relevant evidence is undisputed, or fails to raise a fact question on the jurisdictional issue,
the trial court rules on the plea as a matter of law. Id. at 228.

 Generally, the State and its subdivisions enjoy sovereign immunity from tort liability
absent an express waiver. See Tex.Civ.Prac.&Rem.Code Ann. §§101.001(3)(A),(B), 101.025;
County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002). The Texas Tort Claims Act
(TTCA) provides a waiver of sovereign immunity for premises defect claims. 
Tex.Civ.Prac.&Rem.Code Ann. § 101.022(a)(Vernon Supp. 2008); see Brown, 80 S.W.23d at
554. The TTCA provides that a governmental unit is liable for injury or death caused by a
condition on real property, "if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law." Tex.Civ.Prac.&Rem.Code Ann. § 101.021(2). The Act
further limits the government's potential liability however, by raising the duty owned to a
claimant to the same duty that a private person owed to a licensee on private property. See
Tex.Civ.Prac.&Rem.Code Ann. § 101.022(a). Therefore, a governmental unit will only be
liable for a premises defect if a private person would be liable to a licensee under the same
circumstances. Brown, 30 S.W.3d at 554. The property owner must use ordinary care to warn a
licensee of a condition that presents an unreasonable risk of harm, of which the possessor is
actually aware and the licensee is not, or to make the condition reasonably safe. State Dept. of
Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). The "actual knowledge"
element of a premises defect cause of action requires knowledge that the dangerous condition
existed at the time of the accident. City of Corsicana v. Stewart, 249 S.W.3d 412, 414-15 (Tex. 
2008)(per curiam). Constructive knowledge, by contrast, can be established by facts or
inferences that a dangerous condition could develop over time. Id.

 In this case, UTEP acknowledges that Ms. Muro has plead all of the elements necessary
to assert a viable premises defect cause of action. The question that remains, as UTEP asserted in
its plea, is whether the relevant evidence raises a fact issue regarding UTEP's actual knowledge
of the premises defect. See Miranda, 133 S.W.3d at 228. The evidence relevant to the issue of
UTEP's knowledge in this case consists of: (1) the deposition testimony, and affidavit of
UTEP's Director of Facility Services, Mr. Juan Guerra; and (2) the affidavit of UTEP's
Institutional Compliance Officer, Ms. Sandra Vasquez.

 Mr. Guerra was responsible for managing the campus grounds, including parking
facilities at the time of Ms. Muro's injury. Mr. Guerra admitted during his deposition that the
condition of the post indicated that it had been removed by a technique called "flushing;" which
includes cutting the post off as close to the surface as possible and then to pound the remaining
edges so the post protrudes as little as possible. Mr. Guerra also admitted that "flushing" is a
technique UTEP crews use when removing sign posts. Maintenance records indicated
Mr. Guerra's department had removed several sign posts in the parking lot where Ms. Muro was
injured over an unspecified length of time. However, because the records did not identify the
location of the individual posts, Mr. Guerra was not able to identify a record that a UTEP crew
flushed the specific post which injured Ms. Muro. He admitted that based on the evidence of
"flushing," it is possible one of UTEP's crews removed the post at issue. On the other hand, he
also testified that because of its location near the Don Haskins Center, the post may have been
damaged by special event staff not affiliated with the university.

 Campus problems, such as the need for repairs, could be reported to UTEP's Institutional
Compliance Department by any individual who saw a problem on campus. The Compliance
Department's Director, Ms. Sandra Vasquez, reviewed non-compliance reports and complaints
made in the four years prior to Ms. Muro's injury. According to her affidavit, Ms. Vasquez did
not locate any reports or complaints related to parking lot C-4, or any injuries related to a sign
post remnant.

 Ms. Muro argues that a fact question is created by Mr. Guerra's admissions that the
remnant was created by "flushing," that UTEP maintenance crews traditionally used this
technique when removing signs on campus, and that based on the evidence of flushing on the
remnant Ms. Muro tripped over it was possible UTEP created the condition. She contends that
based on this evidence, we can infer that UTEP created the condition, from which we can infer
that UTEP had actual knowledge of the condition. (3) UTEP counters, that Mr. Guerra's additional
testimony that the remnant could also have been created by an entity unrelated to UTEP, leaves
the court to consider equally plausible, but opposite inferences, on which a fact question cannot
be based.

 We are instructed to utilize evidence that the premises owner received reports of the
potential danger, or complaints of prior injuries to infer actual knowledge. See University of
Texas-Pan American v. Aguilar, 251 S.W.3d 511, 513 (Tex. 2008). There is no such direct
evidence of UTEP's knowledge in the record before us. Actual knowledge can also be
established by circumstantial evidence; but again only when the evidence, directly or by
reasonable inference, supports that conclusion. Id. When circumstantial evidence presents two
equally plausible, but opposite inferences, neither can be inferred. See Wal-Mart Stores, Inc. v.
Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998); Litton Indus. Prod., Inc. v. Gammage, 668 S.W.2d
319, 324 (Tex. 1984). When circumstantial evidence is so slight that the choice between
opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence
at all. Lozano v. Lozano, 52 S.W.3d 141, 148 (Tex. 2001).

 Based on Mr. Guerra's testimony, one could infer either that UTEP did, or did not create
the remnant. Ms. Muro has not identified any additional evidence that would make one inference
more plausible than the other. Without more, Mr. Guerra's testimony creates nothing more than
the mere suspicion that UTEP created the condition, and therefore, cannot be the basis of a fact
question. See Litton Indus. Prod., Inc., 668 S.W.2d at 324. Issue One is sustained.

 Because Ms. Muro has failed to raise a fact question regarding UTEP's actual knowledge
of the condition, she is unable to establish a waiver of sovereign immunity under the TTCA. See
Payne, 838 S.W.2d at 237. We therefore, decline to address whether this claim falls within the
requirements of the Recreational Use Statute. See City of Houston v. Harris, 192 S.W.3d 167,
176 (Tex.App.--Houston [14th Dist.] 2006, no pet.).

 The trial court's judgment is reversed and judgment is rendered dismissing this case for
lack of subject-matter jurisdiction.


February 20, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J. (Not Participating)
1. Ms. Muro tripped over the remains of a campus parking sign located on the north end of
UTEP's parking lot "C-4," about a foot away from the sidewalk. The bottom of the metal sign
post was not completely removed from the pavement and stuck up from the parking lot surface
one and a half inches at its highest point. The pipe itself was approximately three inches in
diameter.
2. UTEP's first issue also challenges Ms. Muro's claim on the grounds that the remnant
did not pose an unreasonable risk of harm, and that the remnant was easily perceptible. 
However, these alternative grounds were not presented to the trial court. As such they have not
been preserved for our review. See Tex.R.App.P. 33.1(a).
3. Evidence that the premises owner created the alleged premises defect can serve as
circumstantial evidence that the owner had actual knowledge of the condition. See Kreech v.
Kroger Co., 845 S.W.2d 262, 265-66 (Tex. 1992).