ACCEPTED
03-14-00671-CV
4785588
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 11:01:51 AM
JEFFREY D. KYLE
CLERK

# NO. 03-14-00671-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 11:01:51 AM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**STEPHEN M. DANIELS,**
**Appellant,**

**v.**

**TONY R. BERTOLINO,**
**Appellee.**

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14-002146

**APPELLEE'S BRIEF**

Tony R. Bertolino
Texas Bar No. 24038766
Hiba Kazim
Texas Bar No. 24076952
BERTOLINO LLP
823 Congress Ave.
Suite 704
Austin, Texas 78701
Tel: (512) 476-5757
Fax: (512) 476-5758
Email: info@belolaw.com

COUNSEL FOR APPELLEE

## IDENTITY OF PARTIES AND COUNSEL

**Plaintiff/Appellant:**        **Stephen M. Daniels**

Trial Counsel:        Stephen M. Daniels (*pro se*)
8323 Clays Point
San Antonio, Texas 78257

Appellate Counsel:        Eleanor Ruffner
State Bar No. 24047034
THE LAW OFFICE OF ELEANOR RUFFNER, PC.
1403 West Sixth Street
Austin, Texas 78703
Tel: (512) 913-7576
Fax: (512) 681-0800
Email: eruffnerlaw@gmail.com

**Defendant/Appellee:**        **Tony R. Bertolino**

Trial and Appellate Counsel:        Tony R. Bertolino
State Bar No. 24038766
Hiba Kazim
State Bar No. 24076952
BERTOLINO LLP
823 Congress Ave.
Suite 704
Austin, Texas 78701
Tel: (512) 476-5757
Fax: (512) 476-5758
Email: info@belolaw.com

# TABLE OF CONTENTS

Identity of Parties and Counsel ........................................................................2

Index of Authorities ........................................................................................4

Statement of Case...........................................................................................5

Introduction....................................................................................................6

Statement of Facts...........................................................................................7

Statement Regarding Oral Argument ...............................................................10

Issues Presented .............................................................................................11

   1)     The trial court's final order granted no-evidence summary judgment on the sole cause of action raised in Plaintiff's amended petition. By doing so, did the trial court dispose of all parties and all claims?.................................................................................. 11

   2)     Did the trial court abuse its discretion in making the threshold finding that an adequate time for discovery had passed where Appellant did not raise this issue before the trial court? Also, is this issue properly preserved for appellate review?.................................................. 11

   3)     Did the Plaintiff raise more than a scintilla of evidence on all of the elements of the DTPA claim challenged by Defendant's successful motion for no-evidence summary judgment?.............................................................................................. 11

Summary of Argument .....................................................................................12

Argument.........................................................................................................14

   The Trial Court Disposed of All Parties and All Claims by Granting Mr. Bertolino's Motion for No-Evidence Summary Judgment........................................................ 14

   Mr. Daniels did not Properly Preserve his Appellate Complaint that an Adequate Time of Discovery had not Passed .................................................................... 16

   The Trial Court did not Abuse its Discretion in Ruling that an Adequate Time for Discovery had Passed ............................................................................. 17

   Mr. Daniels did not Raise More than a Scintilla of Evidence on all of the Elements of the DTPA claim Challenged by Mr. Bertolino's Motion ............................................. 18

Prayer ..............................................................................................................22

Certificate of Compliance .................................................................................23

Certificate of Service ........................................................................................23

Appendix .........................................................................................................24

# INDEX OF AUTHORITIES

Statutes

Tex. Bus. & Com. Code § 17.41 .................................................................19
Tex. Bus. & Com. Code § 17.46(b)(24) ....................................................19
Tex. Bus. & Com. Code § 17.49(c) ...........................................................19
Tex. R. App. P. 33.1(a) ....................................................................... 15, 17
Tex. R. Civ. P. 62 ......................................................................................14
Tex. R. Civ. P. 64 ......................................................................................14
Tex. R. Civ. P. 71 ............................................................................... 15, 16

Cases

***Burns v. Canales***, 2006 Tex. App. LEXIS 1551 (Tex.App.--Houston 14th Dist. 2006) ....................................................................................................20
***City of Houston vs. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678 (Tex. 1979) 20
***Eggert v. State***, 2013 Tex. App. LEXIS 5107, 9, 2013 WL 1831614 (Tex. App.-- Austin 2013) ...........................................................................................16
***Litton Indus. Prods., Inc. v. Gammage***, 668 S.W.2d 319, 321-22 (Tex. 1984).....18
***McConnell v. Southside Indep. Sch. Dist.***, 858 S.W.2d 337, 341 (Tex. 1993) .....20
***Tenneco, Inc. v. Enterprise Prods. Co.***, 925 S.W.2d 640, 647 (Tex. 1996) ..........16
***Wells Fargo Bank, N.A. v. Smuck***, 407 S.W.3d 830, 840-41 (Tex. App.—Houston [14th Dist.] 2013) ..................................................................................16

## STATEMENT OF CASE

| | |
|---|---|
| Nature of the Case: | Appellant filed suit against Appellee regarding Appellee's previous legal representation of Appellant. |
| Course of Proceedings: | Appellant filed an original petition and then an amended petition stating his claims against Appellee. Appellee filed a motion for no-evidence summary judgment on the sole cause of action raised in the amended petition. |
| Trial Court: | 250th District Court of Travis County, Texas |
| Presiding Judge: | The Honorable Gus Strauss |
| Disposition: | Appellee's Motion for No-Evidence Summary Judgment was granted, finally disposing of all claims. |

## INTRODUCTION[1]

Stephen M. Daniels sought a consultation with attorney Tony R. Bertolino to obtain representation in a legal malpractice claim. Mr. Daniels retained Mr. Bertolino to file suit and pursue the claim. The trial court granted a no-evidence summary judgment motion filed against the Plaintiff's legal malpractice claims and dismissed the suit.

Mr. Daniels, *pro se*, then sued Mr. Bertolino for claims relating to Mr. Bertolino's representation in the underlying suit. Mr. Daniels filed an original petition, and then an amended original petition. The amended original petition only raised one cause of action: violation of sections of the Texas Deceptive Trade Practices Act ("DTPA"). Mr. Bertolino filed a motion for no-evidence summary judgment against Mr. Daniels' DTPA claims. Mr. Daniels filed a response referring generally to "[e]vidence . . . filed with the Court," and witness testimony. Clerk's Record (hereinafter "CR") 50. He concurrently filed an affidavit containing the referenced testimony in support of his response. The trial court granted Mr. Bertolino's motion for no-evidence summary judgment. Mr. Daniels now appeals this order of the trial court.

---

[1] In the Introduction section of Brief of Appellant, Mr. Daniels discusses numerous "facts" regarding Mr. Bertolino's representation that are completely unsupported by any admissible evidence contained in the record. In fact, the nature of Mr. Bertolino's representation was not fully developed in the trial record by sworn testimony or otherwise permissible evidence. (It is telling that the matter was resolved at the no-evidence summary judgment stage.) Appellee here intends only to point out the misstatements contained within the Introduction.

## STATEMENT OF FACTS

Stephen M. Daniels approached Tony R. Bertolino seeking legal representation in a legal malpractice action against his prior attorney, Gregory Canfield. CR 10, 60. Mr. Canfield had represented Mr. Daniels in a breach of contract case in which Mr. Canfield won the case at trial, agreed to a new trial and took $500 in attorneys' fees, and then withdrew from representation. CR 6-7; SCR 13. Mr. Daniels lost the case on new trial. SCR 36. Mr. Daniels was unhappy with the outcome of Mr. Canfield's representation. Mr. Daniels sought to file suit against Mr. Canfield. CR 10, 60.

Mr. Daniels participated in an initial consultation with Mr. Bertolino, and then retained Mr. Bertolino to file suit against Mr. Canfield. C.R. 60. Mr. Bertolino and his office repeatedly, though unsuccessfully, sought an expert witness in support of Mr. Daniels' legal malpractice claim over the course of the proceeding. Mr. Canfield's attorney filed a motion for no-evidence summary judgment, which was granted by the trial court. SCR 42. Mr. Daniels was unhappy with the outcome of Mr. Bertolino's representation. Mr. Daniels filed suit against Mr. Bertolino in Bexar County, Texas. CR 12-17.

Mr. Daniels filed a number of pleadings that were not immediately served upon Mr. Bertolino including: an original petition, discovery requests, and a motion

7

for summary judgment. CR 41-42. Mr. Daniels finally obtained service of citation upon Mr. Bertolino after filing the documents. CR 41. He did not serve the previously filed documents at this time, save for the original petition. CR 24.

Mr. Bertolino successfully sought a venue transfer to Travis County by motion. CR 18. Mr. Daniels filed and served *Plaintiff's Amended Original Petition* containing Mr. Daniel's identifying information and one claim: violation of the Deceptive Trade Practices Act. CR 21-22. The *Plaintiff's Amended Original Petition* did not include any other claims. CR 21-22.

Mr. Daniels set and noticed the hearing on his Motion for Summary Judgment. CR 24. Mr. Bertolino complained to the Court in writing, by motion for continuance of the hearing date and motion for sanctions, that Mr. Daniels was sending filed documents to the wrong address and was not properly serving documents. CR 24. Mr. Bertolino included discovery requests with his previously filed and served Motion for Continuance and Motion for Sanctions. CR 26. Mr. Bertolino and his counsel also complained orally to the Court at the previous hearings of the non-service of documents.[2] Mr. Daniels responded to Mr. Bertolino's motions. CR 35-39. The trial court granted the Motion for Continuance. CR 44. Mr. Daniels did not re-serve the previously filed documents to the correct address.

---

[2] Mr. Bertolino's complaints and Mr. Daniels' corresponding knowledge of problems with service of previously filed documents would have been included in a reporter's record, had Appellant procured it as required by the Texas Rules of Appellate Procedure.

He then served his discovery responses upon Mr. Bertolino.[3]

Shortly thereafter, Mr. Bertolino filed a Motion for No-Evidence Summary Judgment against Mr. Daniels. CR 46-48. Mr. Daniels filed a written response to the No-Evidence Summary Judgment referring generally to "[e]vidence . . . filed with the Court," and witness testimony. CR 49-53. Mr. Daniels concurrently filed an affidavit containing the referenced witness testimony. SCR 63-66. The trial court heard Mr. Bertolino's Motion for No-Evidence Summary Judgment and granted the motion subsequently by letter. CR 54. Mr. Bertolino's counsel drafted and circulated a proposed order, approved by both Mr. Daniels and Mr. Bertolino as to form. CR 68-70. The trial court later signed and entered the Order Granting Defendant's Motion for No Evidence Summary Judgment. CR 68.

---

[3] Although proof of Mr. Daniels' service of discovery responses is not contained in the Clerk's Record (as is typical of routine discovery-related matters), it is important to note that Mr. Daniels provided these discovery responses to Mr. Bertolino before Mr. Bertolino filed his motion for no-evidence summary judgment. *Brief of Appellant* disingenuously contends that Mr. Bertolino asked the trial court for a continuance of a hearing date to conduct discovery by verified motion and then filed the no-evidence summary judgment motion 23 days later without conducting discovery. Presumably, Mr. Daniels is accusing Mr. Bertolino of misleading the trial court in the motion for no-evidence summary judgment. In fact, Mr. Bertolino received completed discovery responses from Mr. Daniels during the 23 days and decided not to conduct any further discovery before filing his motion for no-evidence summary judgment.

9

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument in this matter is unlikely to be helpful in elucidating facts or legal standards to the Court, which are properly addressed in Appellee's Brief. Oral argument will simply allow Appellant another opportunity to waste the Court's time and Appellee's time with frivolous arguments unsupported by fact and unpreserved at the trial level. Appellee strongly opposes oral argument in this matter unless the Court finds any issues to be ambiguous or unclear in the appellate briefs and unable to be clarified by further briefing.

## ISSUES PRESENTED

1)   The trial court's final order granted no-evidence summary judgment on the sole cause of action raised in Plaintiff's amended petition.  By doing so, did the trial court dispose of all parties and all claims?

2)   Did the trial court abuse its discretion in making the threshold finding that an adequate time for discovery had passed where Appellant did not raise this issue before the trial court? Also, is this issue properly preserved for appellate review?

3)   Did the Plaintiff raise more than a scintilla of evidence on all of the elements of the DTPA claim challenged by Defendant's successful motion for no-evidence summary judgment?

## SUMMARY OF ARGUMENT

First, Mr. Daniels had one live pleading on file with the Court at the time that Mr. Bertolino's Motion for No-Evidence Summary Judgment was filed and heard by the Court. This live pleading was the Plaintiff's Amended Original Petition. This Amended Petition raised only one claim: violation of the DTPA. Mr. Daniels' Amended Petition was a properly named and filed substitution for his Original Petition under the Texas Rules of Civil Procedure. When the trial court granted Mr. Bertolino's Motion for No-Evidence Summary Judgment regarding Mr. Daniels' DTPA claim, the trial court finally disposed of all parties and all claims.

Second, when the trial court granted Mr. Bertolino's Motion for No-Evidence Summary Judgment, it made the threshold finding that an adequate time for discovery had passed before the Motion for No-Evidence Summary Judgment was filed. Mr. Bertolino had successfully conducted written discovery by the time the motion was filed. Mr. Daniels did not properly contest the issue of an adequate time for discovery passing at the trial level. Mr. Daniels did not properly preserve any appellate complaint for review, and may not raise any such appellate complaint or have it considered in this appeal. The trial court did not abuse its discretion in finding that an adequate time for discovery had passed. In fact, Mr. Daniels invited

12

the trial court to find that an adequate time for discovery had passed in previous filings.

Finally, Mr. Daniels did not sufficiently or specifically point out evidence in support of his response to Mr. Bertolino's Motion for No-Evidence Summary Judgment. Mr. Daniels was not entitled to having the trial court search the entire record for evidence in support of the elements of his DTPA claim. Additionally, had Mr. Daniels properly pointed out evidence on the record in support of his response, he still could not have raised more than a scintilla of evidence in support of the challenged elements of his DTPA claim. The evidence on the record contained substantive defects and could not be properly considered in support of Mr. Daniels' response to the motion for no-evidence summary judgment. Further, the evidence on the record was either irrelevant or damaging to the sole cause of action contained in the one live Amended Petition.

**The Trial Court Disposed of All Parties and All Claims by Granting Mr. Bertolino's Motion for No-Evidence Summary Judgment**

Mr. Daniels' complaint regarding the finality of the trial court's order hinges on this Court finding that Mr. Daniels' Amended Original Petition was not a substitution for, but a supplement to, Mr. Daniels' Original Petition. Such a finding is supported by neither law nor fact.

Mr. Daniels properly filed *Plaintiff's Amended Original Petition* as an amended pleading. This pleading was designated as an "amended" pleading or "amendment" three times in the title and the body of the document. "The object of an amendment, as contra-distinguished from a supplemental petition or answer, is to add something to, or withdraw something from, that which has been previously pleaded. . ." Tex. R. of Civ. P. 62. Further, amended pleadings must be titled as such. Tex. R. Civ. P. 64. Mr. Daniels, by naming his pleading *Plaintiff's Amended Original Petition* demonstrated his intention to "add something to" and "withdraw something from" the *Plaintiff's Original Petition* on file. *See* Tex. R. Civ. P. 62, 64. Mr. Daniels may not now appeal to this Court to make a finding that he misnamed his own properly titled pleading.

As a result of the withdrawal and addition of claims, Mr. Daniels was only pursuing a DTPA claim at the time Mr. Bertolino's Motion for No-Evidence Summary Judgment was filed. CR 21-22. Mr. Bertolino did not file any

14

counterclaims against Mr. Daniels. Mr. Bertolino's Motion for No-Evidence Summary Judgment challenged the elements of Mr. Daniels' DTPA claim, and thereby challenged Mr. Daniels' only live, properly pled claim. Therefore, the trial court's order granting the Motion for No-Evidence Summary Judgment against Mr. Daniels' DTPA claim disposed of all parties and all claims.

Mr. Daniels contends that *Plaintiff's Amended Original Petition* was actually a misnamed supplemental pleading. Mr. Daniels contends that this Court should correct the misnomer, that the trial court did not correct, under Texas Rule of Civil Procedure 71. However, Mr. Daniels never raised this misnomer issue by request, objection or motion before the trial court. Mr. Daniels did not obtain an implicit or explicit ruling from the trial court on this matter. As a result, he did not properly preserve appellate complaint on this issue, and it may not be properly considered for the first time on appeal. Tex. R. App. P. 33.1(a).

Additionally, the *Plaintiff's Amended Original Petition* did not even meet the supplemental pleading rules under Texas Rule of Civil Procedure 69, which requires the supplemental pleading to "[respond] to the last preceding pleading by the other party," and to "not repeat allegations formerly pleaded further than is necessary as an introduction." The *Plaintiff's Amended Original Petition* raised a new claim, was not filed in response to any pleading, and repeated information from the original petition that was not necessary by way of introduction. The plain language of the

15

document shows that the *Plaintiff's Amended Original Petition* effectively amended the previous *Plaintiff's Original Petition* and should be treated as an amendment. Indeed, "justice so requires" treatment of the pleading as an amendment rather than a supplement. Tex. R. Civ. P. 71; *see also* **Wells Fargo Bank, N.A. v. Smuck**, 407 S.W.3d 830, 840-41 (Tex. App.—Houston [14th Dist.] 2013).

Mr. Daniels' arguments contesting the finality of the trial court's order have no basis in fact or law. The trial court disposed of all parties and all claims with its *Order Granting Motion for No Evidence Summary Judgment*.


**Mr. Daniels did not Properly Preserve his Appellate Complaint that an Adequate Time of Discovery had not Passed**

Mr. Daniels complains in the Brief of the Appellant that an adequate time for discovery had not passed at the time Mr. Bertolino's Motion for No-Evidence Summary Judgment was filed. However, Mr. Daniels never raised this issue before the trial court by request, objection or motion. To preserve a complaint that the trial court's decision on a summary judgment motion was premature, the party claiming it did not have adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. **Tenneco, Inc. v. Enterprise Prods. Co.**, 925 S.W.2d 640, 647 (Tex. 1996); **Eggert v. State**, 2013 Tex. App. LEXIS 5107, 9, 2013 WL 1831614 (Tex. App.--Austin 2013). Mr. Daniels did neither.

16

To be clear, the trial court did implicitly and explicitly rule that an adequate time for discovery had passed before Mr. Bertolino's Motion for No Evidence Summary Judgment was filed. The ruling was not, however, in response to any objection, request or motion made by Mr. Daniels. As a result, he did not properly preserve appellate complaint on this issue, and it may not be properly considered for the first time on appeal. Tex. R. App. P. 33.1(a).

**The Trial Court did not Abuse its Discretion in Ruling that an Adequate Time for Discovery had Passed**

Appellant's complaint of the trial court's implicit ruling regarding adequate time for discovery is not supported by the facts. Mr. Daniels' Original Petition in the underlying case had been filed in December of 2013. CR 40-42. Since then, Mr. Bertolino served discovery requests upon Mr. Daniels. CR 26. Mr. Daniels contested Mr. Bertolino's motion for continuance to pursue additional discovery stating that "[d]ocuments support the fact [Mr. Bertolino] had substantial time to comply with [the discovery requests served on the wrong address] and conduct reasonable discovery himself." CR 36. Further, Mr. Daniels states "[Mr. Bertolino's] non-compliance with discovery request is not a negative factor since [Mr. Daniels] is in possession off [sic] all evidence supporting his claim." CR 37. Mr. Daniels did not contest that an adequate time for discovery had passed at the

trial level. He brings this issue for the first time to the appellate court, apparently contending that the trial court should have ignored the arguments and pleadings of both Mr. Bertolino and Mr. Daniels, and instead have conducted its own investigation as to whether an adequate time for discovery had passed. Mr. Daniels seems to further contend that the trial court should have, in this *sua sponte* investigation, found Mr. Bertolino's statements regarding the need for additional time for discovery in reference to a separate motion to be dispositive over all else. Clearly, the trial court did not abuse its discretion in deciding against reaching such a conclusion. Even if the trial court abused its discretion, Mr. Daniels' previous pleadings and statements to the trial court invited such error and he should not be permitted to complain of it upon appeal. For example, a party cannot urge the trial court to enter a judgment on the jury's verdict and then complain about the jury's verdict on appeal. ***Litton Indus. Prods., Inc. v. Gammage***, 668 S.W.2d 319, 321-22 (Tex. 1984).

**Mr. Daniels did not Raise More than a Scintilla of Evidence on all of the Elements of the DTPA claim Challenged by Mr. Bertolino's Motion**

Mr. Daniels claims that he raised more than a scintilla of evidence on all of the elements of the DTPA claim challenged by Mr. Bertolino's Motion for No Evidence Summary Judgment. Mr. Bertolino's motion specifically challenged the DTPA claim element requiring proof that Mr. Bertolino knew and withheld

18

information concerning his services, intending to induce and in fact inducing Mr. Daniels into a transaction. CR 46-48; *see* Tex. Bus. & Com. Code § 17.46(b)(24); *see also* Tex. Bus. & Com. Code §§ 17.41, 17.49(c). Mr. Daniel's responded to the motion before the trial court by making factually conclusory statements, referring generally to "[e]vidence . . . filed with the Court," and witness testimony. CR 49-53. Mr. Daniels concurrently filed an affidavit containing the referenced witness testimony. SCR 63-66. This substantively defective affidavit contains unsubstantiated factual and legal conclusions and opinions offered on issues unrelated to the initial conversations resulting in the alleged inducement to transact. SCR 63-66.

Mr. Daniels now presents on appeal: his own affidavit, Mr. Bertolino's law firm's current website screenshots, and a hearing transcript from a hearing at which Mr. Bertolino was not present. None of these pieces of "evidence" can show Mr. Bertolino's knowledge or prove withholding of information. For one, Mr. Bertolino's website screenshots are presented for the first time on appeal, and may not be considered. Secondly, Mr. Daniels' affidavit speaks to his interactions with Mr. Bertolino prior to transacting with him, but does not (and cannot) speak to Mr. Bertolino's knowledge or mental state. It also does not address the issue of inducement. Thirdly, the hearing transcript also does not provide any information as to knowledge, mental state, or even inducement to transact.

19

Perhaps most importantly, "[t]he written answer or response to [a motion for no-evidence summary judgment] must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." *City of Houston vs. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (mere reference to summary judgment evidence is not sufficient; non-movants arguments against the motion must be expressly presented by written response). Here, Mr. Daniels' response failed to meet that burden.

The trial court "is not required, *sua sponte*, to assume the role of one's advocate and supply his arguments for him; . . . the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that points to evidence supporting those issues, and where the nonmovant fails to meet that burden, the trial court is not required to supply the deficiency, but instead must grant the motion, under Tex. R. Civ. P. 166a(i). *Burns v. Canales*, 2006 Tex. App. LEXIS 1551 (Tex.App.--Houston 14th Dist. 2006). It follows, then, that the trial court did not commit any error in granting Mr. Bertolino's Motion for No-Evidence Summary Judgment where Mr. Daniels' response fell far short of its burden. The trial court's Final Order Granting Motion for No Evidence Summary Judgment should not be disturbed on appeal.

Mr. Daniels has requested the opportunity to assert additional DTPA claims against Mr. Bertolino should this appeal fail. This requested is unsupported by Texas law. Mr. Daniels has not cited any authority that would remotely permit this thwarting of res judicata should the appeal fail.

## PRAYER

Appellee prays that this Court affirm the trial court's Final Order Granting Motion for No Evidence Summary Judgment. Further, Appellee prays that this Court deny Appellant leave to plead additional related DTPA violations against Appellee.

Appellee prays for such other and further relief that Appellee has requested and/or relief to which Appellee may be entitled.

Respectfully submitted,

**BERTOLINO LLP**

By: /s/ Hiba Kazim
Tony R. Bertolino
Texas Bar No. 24038766
Hiba Kazim
Texas Bar No. 24076952
823 Congress Ave.
Suite 704
Austin, Texas 78701
Email: info@belolaw.com
Telephone: (512) 476-5757
Facsimile: (512) 476-5758

***Attorneys for Appellee***

22

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 4,171 words, as calculated by the word count of the computer program used to prepare this document.

/s/ Hiba Kazim
Hiba Kazim

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on the following via email: on April 6, 2015.

Eleanor Ruffner
eruffnerlaw@gmail.com

/s/ Hiba Kazim
Hiba Kazim

**APPENDIX**

This appendix contains the following:

1. Texas Business & Commerce Code § 17.41;

2. Texas Business & Commerce Code § 17.46(b)(24);

3. Texas Business & Commerce Code § 17.49(c);

4. Texas Rule of Appellate Procedure 33.1(a);

5. Texas Rule of Civil Procedure 62;

6. Texas Rule of Civil Procedure 64; and

7. Texas Rule of Civil Procedure 71.

In addition, Appellee relies on the clerk's record filed in this matter.

*Texas Statutes and Codes* > *BUSINESS AND COMMERCE CODE* > *TITLE 2. COMPETITION AND TRADE PRACTICES* > *CHAPTER 17. DECEPTIVE TRADE PRACTICES* > *SUBCHAPTER E. DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION*

## § 17.41. Short Title

This subchapter may be cited as the Deceptive Trade Practices-Consumer Protection Act.

## History

Enacted by Acts 1973, 63rd Leg., ch. 143 (H.B. 417), § 1, effective May 21, 1973.

LexisNexis ® Texas Annotated Statutes
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

*Tex. Bus. & Com. Code § 17.46*

This document is current through the 2013 3rd Called Session

*Texas Statutes and Codes* > *BUSINESS AND COMMERCE CODE* > *TITLE 2. COMPETITION AND TRADE PRACTICES* > *CHAPTER 17. DECEPTIVE TRADE PRACTICES* > *SUBCHAPTER E. DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION*

## § 17.46. Deceptive Trade Practices Unlawful

**(a)** False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

**(b)** Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

**(1)** passing off goods or services as those of another;

**(2)** causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

**(3)** causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

**(4)** using deceptive representations or designations of geographic origin in connection with goods or services;

**(5)** representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

**(6)** representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

**(7)** representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

**(8)** disparaging the goods, services, or business of another by false or misleading representation of facts;

**(9)** advertising goods or services with intent not to sell them as advertised;

**(10)** advertising goods or services with intent not to supply a reasonable expectable public demand, unless the advertisements disclosed a limitation of quantity;

**(11)** making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

**(12)** representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

**(13)** knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

**(14)** misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

**(15)** basing a charge for the repair of any item in whole or in part on a guaranty or warranty instead of on the value of the actual repairs made or work to be performed on the item without stating separately the charges for the work and the charge for the warranty or guaranty, if any;

**(16)** disconnecting, turning back, or resetting the odometer of any motor vehicle so as to reduce the number of miles indicated on the odometer gauge;

**(17)** advertising of any sale by fraudulently representing that a person is going out of business;

**(18)** advertising, selling, or distributing a card which purports to be a prescription drug identification card issued under *Section 4151.152, Insurance Code*, in accordance with rules adopted by the commissioner of insurance, which offers a discount on the purchase of health care goods or services from a third party provider, and which is not evidence of insurance coverage, unless:

**(A)** the discount is authorized under an agreement between the seller of the card and the provider of those goods and services or the discount or card is offered to members of the seller;

**(B)** the seller does not represent that the card provides insurance coverage of any kind; and

**(C)** the discount is not false, misleading, or deceptive;

**(19)** using or employing a chain referral sales plan in connection with the sale or offer to sell of goods, merchandise, or anything of value, which uses the sales technique, plan, arrangement, or agreement in which the buyer or prospective buyer is offered the opportunity to purchase merchandise or goods and in connection with the purchase receives the seller's promise or representation that the buyer shall have the right to receive compensation or consideration in any form for furnishing to the seller the names of other prospective buyers if receipt of the compensation or consideration is contingent upon the occurrence of an event subsequent to the time the buyer purchases the merchandise or goods;

**(20)** representing that a guarantee or warranty confers or involves rights or

remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 to involve obligations in excess of those which are appropriate to the goods;

**(21)** promoting a pyramid promotional scheme, as defined by Section 17.461;

**(22)** representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced;

**(23)** filing suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract; provided, however, that a violation of this subsection shall not occur where it is shown by the person filing such suit he neither knew or had reason to know that the county in which such suit was filed was neither the county in which the defendant resides at the commencement of the suit nor the county in which the defendant in fact signed the contract;

**(24)** failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

**(25)** using the term "corporation," "incorporated," or an abbreviation of either of those terms in the name of a business entity that is not incorporated under the laws of this state or another jurisdiction;

**(26)** selling, offering to sell, or illegally promoting an annuity contract under Chapter 22, Acts of the 57th Legislature, 3rd Called Session, 1962 (Article 6228a-5, Vernon's Texas Civil Statutes), with the intent that the annuity contract will be the subject of a salary reduction agreement, as defined by that Act, if the annuity contract is not an eligible qualified investment under that Act or is not registered with the Teacher Retirement System of Texas as required by Section 8A of that Act; or

**(27)** taking advantage of a disaster declared by the governor under Chapter 418, Government Code, by:

**(A)** selling or leasing fuel, food, medicine, or another necessity at an exorbitant or excessive price; or

**(B)** demanding an exorbitant or excessive price in connection with the sale or lease of fuel, food, medicine, or another necessity.

**(c)**

**(1)** It is the intent of the legislature that in construing Subsection (a) of this section in suits brought under Section 17.47 of this subchapter the courts to the extent possible will be guided by Subsection (b) of this section and the interpretations given by the Federal Trade Commission and federal courts to Section 5(a)(1) of the Federal Trade Commission Act [*15 U.S.C.A. § 45*(a)(1)].

**(2)** In construing this subchapter the court shall not be prohibited from considering relevant and pertinent decisions of courts in other jurisdictions.

**(d)** For the purposes of the relief authorized in Subdivision (1) of Subsection (a) of Section 17.50 of this subchapter, the term "false, misleading, or deceptive acts or practices" is limited to the acts enumerated in specific subdivisions of Subsection (b) of this section.

## History

Enacted by Acts 1973, 63rd Leg., ch. 143 (H.B. 417), § 1, effective May 21, 1973; am. Acts 1977, 65th Leg., ch. 216 (S.B. 664), §§ 2, 3, effective May 23, 1977; am. Acts 1977, 65th Leg., ch. 336 (H.B. 2059), § 1, effective August 29, 1977; am. Acts 1979, 66th Leg., ch. 603 (S.B. 357), § 3, effective August 27, 1979; am. *Acts 1987, 70th Leg., ch. 280 (H.B. 77)*, § 1, effective September 1, 1987; am. *Acts 1993, 73rd Leg., ch. 570 (H.B. 1113)*, § 6, effective September 1, 1993; am. *Acts 1995, 74th Leg., ch. 414 (H.B. 668)*, § 3, effective September 1, 1995; am. *Acts 1995, 74th Leg., ch. 463 (H.B. 2771)*, § 1, effective September 1, 1995; am. *Acts 2001, 77th Leg., ch. 962 (S.B. 1637)*, § 1, effective September 1, 2001; am. *Acts 2001, 77th Leg., ch. 1229 (S.B. 273)*, § 27, effective June 1, 2002; am. *Acts 2003, 78th Leg., ch. 1276 (H.B. 3507)*, § 4.001(a), effective September 1, 2003; am. *Acts 2005, 79th Leg., ch. 728 (H.B. 2018)*, § 11.101, effective September 1, 2005; am. *Acts 2007, 80th Leg., ch. 1230 (H.B. 2427)*, § 26, effective September 1, 2007.

LexisNexis ® Texas Annotated Statutes
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

*Texas Statutes and Codes* > *BUSINESS AND COMMERCE CODE* > *TITLE 2. COMPETITION AND TRADE PRACTICES* > *CHAPTER 17. DECEPTIVE TRADE PRACTICES* > *SUBCHAPTER E. DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION*

## § 17.49. Exemptions

**(a)** Nothing in this subchapter shall apply to the owner or employees of a regularly published newspaper, magazine, or telephone directory, or broadcast station, or billboard, wherein any advertisement in violation of this subchapter is published or disseminated, unless it is established that the owner or employees of the advertising medium have knowledge of the false, deceptive, or misleading acts or practices declared to be unlawful by this subchapter, or had a direct or substantial financial interest in the sale or distribution of the unlawfully advertised good or service. Financial interest as used in this section relates to an expectation which would be the direct result of such advertisement.

**(b)** Nothing in this subchapter shall apply to acts or practices authorized under specific rules or regulations promulgated by the Federal Trade Commission under Section 5(a)(1) of the Federal Trade Commission Act *[15 U.S.C.A. 45*(a)(1)]. The provisions of this subchapter do apply to any act or practice prohibited or not specifically authorized by a rule or regulation of the Federal Trade Commission. An act or practice is not specifically authorized if no rule or regulation has been issued on the act or practice.

**(c)** Nothing in this subchapter shall apply to a claim for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill. This exemption does not apply to:

**(1)** an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion;

**(2)** a failure to disclose information in violation of Section 17.46(b)(24);

**(3)** an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion;

**(4)** breach of an express warranty that cannot be characterized as advice, judgment, or opinion; or

**(5)** a violation of Section 17.46(b)(26).

**(d)** Subsection (c) applies to a cause of action brought against the person who

provided the professional service and a cause of action brought against any entity that could be found to be vicariously liable for the person's conduct.

**(e)** Except as specifically provided by Subsections (b) and (h), Section 17.50, nothing in this subchapter shall apply to a cause of action for bodily injury or death or for the infliction of mental anguish.

**(f)** Nothing in the subchapter shall apply to a claim arising out of a written contract if:

**(1)** the contract relates to a transaction, a project, or a set of transactions related to the same project involving total consideration by the consumer of more than $ 100,000;

**(2)** in negotiating the contract the consumer is represented by legal counsel who is not directly or indirectly identified, suggested, or selected by the defendant or an agent of the defendant; and

**(3)** the contract does not involve the consumer's residence.

**(g)** Nothing in this subchapter shall apply to a cause of action arising from a transaction, a project, or a set of transactions relating to the same project, involving total consideration by the consumer of more than $ 500,000, other than a cause of action involving a consumer's residence.

**(h)** A person who violates Section 17.46(b)(26) is jointly and severally liable under that subdivision for actual damages, court costs, and attorney's fees. Subject to Chapter 41, Civil Practice and Remedies Code, exemplary damages may be awarded in the event of fraud or malice.

**(i)** Nothing in this subchapter shall apply to a claim against a person licensed as a broker or salesperson under Chapter 1101, Occupations Code, arising from an act or omission by the person while acting as a broker or salesperson. This exemption does not apply to:

**(1)** an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion;

**(2)** a failure to disclose information in violation of Section 17.46(b)(24); or

**(3)** an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion.

## History

Enacted by Acts 1973, 63rd Leg., ch. 143 (H.B. 417), § 1, effective May 21, 1973; am. *Acts 1995, 74th Leg., ch. 414 (H.B. 668)*, § 4, effective September 1, 1995; am.

*Acts 2001, 77th Leg., ch. 1229 (S.B. 273)*, § 28, effective June 1, 2002; am. *Acts 2003, 78th Leg., ch. 1276 (H.B. 3507)*, § 4.001(b), effective September 1, 2003; am. *Acts 2011, 82nd Leg., ch. 189 (S.B. 1353)*, § 1, effective May 28, 2011.

LexisNexis ® Texas Annotated Statutes
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

## RULE 56. SPECIAL DAMAGE

When items of special damage are claimed, they shall be specifically stated.

## RULE 57. SIGNING OF PLEADINGS

Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, with his State Bar of Texas identification number, address, telephone number, email address, and if available, fax number. A party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number.

## RULE 58. ADOPTION BY REFERENCE

Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion, so long as the pleading containing such statements has not been superseded by an amendment as provided by Rule 65.

## RULE 59. EXHIBITS AND PLEADING

Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes. Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit. No other instrument of writing shall be made an exhibit in the pleading.

## RULE 60. INTERVENOR'S PLEADINGS

Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party.

## RULE 61. TRIAL: INTERVENORS: RULES APPLY TO ALL PARTIES

These rules of pleading shall apply equally, so far as it may be practicable to intervenors and to parties, when more than one, who may plead separately.

## RULE 62. AMENDMENT DEFINED

The object of an amendment, as contra-distinguished from a supplemental petition or answer, is to

add something to, or withdraw something from, that which has been previously pleaded so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment, or to plead new matter, additional to that formerly pleaded by the amending party, which constitutes an additional claim or defense permissible to the suit.


# RULE 63.  AMENDMENTS AND RESPONSIVE PLEADINGS

Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.


# RULE 64.  AMENDED INSTRUMENT

The party amending shall point out the instrument amended, as "original petition," or "plaintiff's first supplemental petition," or as "original answer," or "defendant's first supplemental answer" or other instrument file by the party and shall amend by filing a substitute therefor, entire and complete in itself, indorsed "amended original petition," or "amended first supplemental petition," or "amended original answer," or "amended first supplemental answer," accordingly as said instruments of pleading are designated.


# RULE 65.  SUBSTITUTED INSTRUMENT TAKES PLACE OF ORIGINAL

Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.


# RULE 66.  TRIAL AMENDMENT

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence.

# RULE 67.  AMENDMENTS TO CONFORM TO ISSUES
## TRIED WITHOUT OBJECTION

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279.


# RULE 68.  COURT MAY ORDER REPLEADER

The court, when deemed necessary in any case, may order a repleader on the part of one or both of the parties, in order to make their pleadings substantially conform to the rules.


# RULE 69.  SUPPLEMENTAL PETITION OR ANSWER

Each supplemental petition or answer, made by either party, shall be a response to the last preceding pleading by the other party, and shall not repeat allegations formerly pleaded further than is necessary as an introduction to that which is stated in the pleading then being drawn up. These instruments, to wit, the original petition and its several supplements, and the original answer and its several supplements, shall respectively, constitute separate and distinct parts of the pleadings of each party; and the position and identity, by number and name, with the indorsement of each instrument, shall be preserved throughout the pleadings of either party.


# RULE 70.  PLEADING: SURPRISE: COST

When either a supplemental or amended pleading is of such character and is presented at such time as to take the opposite party by surprise, the court may charge the continuance of the cause, if granted, to the party causing the surprise if the other party satisfactorily shows that he is not ready for trial because of the allowance of the filing of such supplemental or amended pleading, and the court may, in such event, in its discretion require the party filing such pleading to pay to the surprised party the amount of reasonable costs and expenses incurred by the other party as a result of the continuance, including attorney fees, or make such other order with respect thereto as may be just.


# RULE 71.  MISNOMER OF PLEADING

When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated. Pleadings shall be docketed as originally designated and shall remain identified as designated, unless the court orders redesignation.

Upon court order filed with the clerk, the clerk shall modify the docket and all other clerk records to reflect redesignation.

**[RULE 72.  Repealed effective September 1, 1990]**

**[RULE 73.  Repealed effective September 1, 1990]**

## RULE 74.  FILING WITH THE COURT DEFINED

The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

## RULE 75.  FILED PLEADINGS; WITHDRAWAL

All filed pleadings shall remain at all times in the clerk's office or in the court or in custody of the clerk, except that the court may by order entered on the minutes allow a filed pleading to be withdrawn for a limited time whenever necessary, on leaving a certified copy on file. The party withdrawing such pleading shall pay the costs of such order and certified copy.

## RULE 75a.  FILING EXHIBITS: COURT REPORTER TO FILE WITH CLERK

The court reporter or stenographer shall file with the clerk of the court all exhibits which were admitted in evidence or tendered on bill of exception during the course of any hearing, proceeding, or trial.

## RULE 75b.  FILED EXHIBITS: WITHDRAWAL

All filed exhibits admitted in evidence or tendered on bill of exception shall, until returned or otherwise disposed of as authorized by Rule 14b, remain at all times in the clerk's office or in the court or in the custody of the clerk except as follows:

    (a)    The court may by order entered on the minutes allow a filed exhibit to be withdrawn by any party only upon such party's leaving on file a certified, photo, or other reproduced copy of such exhibit. The party withdrawing such exhibit shall pay the costs of such order and copy.

    (b)    The court reporter or stenographer of the court conducting the hearing, proceedings, or trial in which exhibits are admitted or offered in evidence, shall have the right to

(2) the date of filing of any contest;

(3) the date of any order on the contest; and

(4) whether the contest was sustained or overruled;

(l) whether the appellant has filed or will file a supersedeas bond; and

(m) any other information the appellate court requires.

## 32.2. Criminal Cases

Upon perfecting the appeal in a criminal case, the appellant must file in the appellate court a docketing statement that includes the following information:

(a) (1) if the appellant has counsel, the name of the appellant and the name, address, telephone number, fax number, if any, and State Bar of Texas identification number of the appellant's counsel, and whether the counsel is appointed or retained; or

    (2) if the appellant is not represented by an attorney, that party's name, address, telephone number, and fax number, if any;

(b) the date the notice of appeal was filed in the trial court and, if mailed to the trial court clerk, the date of mailing;

(c) the trial court's name and county, and the name of the judge who tried the case;

(d) the date the trial court imposed or suspended sentence in open court, or the date the judgment or order appealed from was signed;

(e) the date of filing any motion for new trial, motion in arrest of judgment, or any other filing that affects the time for perfecting the appeal;

(f) the offense charged and the date of the offense;

(g) the defendant's plea;

(h) whether the trial was jury or nonjury;

(i) the punishment assessed;

(j) whether the appeal is from a pretrial order;

(k) whether the appeal involves the validity of a statute, ordinance, or rule;

(l) whether a reporter's record has been or will be requested, and whether the trial was electronically recorded;

(m) the name of the court reporter;

(n) (1) the dates of filing of any motion and affidavit of indigence;

    (2) the date of any hearing;

    (3) the date of any order; and

    (4) whether the motion was granted or denied; and

(o) any other information the appellate court requires.

## 32.3. Supplemental Statements

Any party may file a statement supplementing or correcting the docketing statement.

## 32.4. Purpose of Statement

The docketing statement is for administrative purposes and does not affect the appellate court's jurisdiction.

### Notes and Comments

Comment to 1997 change: The rule is new.

## Rule 33. Preservation of Appellate Complaints

### 33.1. Preservation; How Shown

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

    (1) the complaint was made to the trial court by a timely request, objection, or motion that:

        (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

        (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

    (2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

(b) *Ruling by Operation of Law.* In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court.

(c) *Formal Exception and Separate Order Not Required.* Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal.

(d) *Sufficiency of Evidence Complaints in Nonjury Cases.* In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence - including a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of fact - may be made for the first time on appeal in the complaining party's brief.

## 33.2. Formal Bills of Exception

To complain on appeal about a matter that would not otherwise appear in the record, a party must file a formal bill of exception.

(a) *Form.* No particular form of words is required in a bill of exception. But the objection to the court's ruling or action, and the ruling complained of, must be stated with sufficient specificity to make the trial court aware of the complaint.

(b) *Evidence.* When the appellate record contains the evidence needed to explain a bill of exception, the bill itself need not repeat the evidence, and a party may attach and incorporate a transcription of the evidence certified by the court reporter.

(c) *Procedure.*

(1) The complaining party must first present a formal bill of exception to the trial court.

(2) If the parties agree on the contents of the bill of exception, the judge must sign the bill and file it with the trial court clerk. If the parties do not agree on the contents of the bill, the trial judge

must — after notice and hearing — do one of the following things:

(A) sign the bill of exception and file it with the trial court clerk if the judge finds that it is correct;

(B) suggest to the complaining party those corrections to the bill that the judge believes are necessary to make it accurately reflect the proceedings in the trial court, and if the party agrees to the corrections, have the corrections made, sign the bill, and file it with the trial court clerk; or

(C) if the complaining party will not agree to the corrections suggested by the judge, return the bill to the complaining party with the judge's refusal written on it, and prepare, sign, and file with the trial court clerk such bill as will, in the judge's opinion, accurately reflect the proceedings in the trial court.

(3) If the complaining party is dissatisfied with the bill of exception filed by the judge under (2)(C), the party may file with the trial court clerk the bill that was rejected by the judge. That party must also file the affidavits of at least three people who observed the matter to which the bill of exception is addressed. The affidavits must attest to the correctness of the bill as presented by the party. The matters contained in that bill of exception may be controverted and maintained by additional affidavits filed by any party within ten days after the filing of that bill. The truth of the bill of exception will be determined by the appellate court.

(d) *Conflict.* If a formal bill of exception conflicts with the reporter's record, the bill controls.

(e) *Time to file.*

(1) Civil Cases. In a civil case, a formal bill of exception must be filed no later than 30 days after the filing party's notice of appeal is filed.

(2) Criminal Cases. In a criminal case, a formal bill of exception must be filed:

(A) no later than 60 days after the trial court pronounces or suspends sentence in open court; or